10-2653-ag
Jin v. Holder

BIA
Hom, IJ
A072 214 235

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> *Circuit Judges.*

_____

SONG YIENG JIN,
> *Petitioner,*

> v.                                        10-2653-ag
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Gary J. Yerman, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Anthony P. Nicastro, Senior
                     Litigation Counsel; Andrew N.
                     O'Malley, Trial Attorney, Office of
                     Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Song Yieng Jin, a native and citizen of the People's Republic of China, seeks review of a June 11, 2010, order of the BIA denying his motion to remand and affirming immigration judge ("IJ") Sandy K. Hom's August 18, 2008, denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Song Yieng Jin*, No. A072 214 235 (B.I.A. June 11, 2010); *aff'g* No. A072 214 235 (Immig. Ct. N.Y. City Aug. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.    Asylum, Withholding of Removal, and CAT Relief**

Jin's arguments regarding his eligibility for relief on account of the birth of his two U.S. citizen children in violation of China's family planning policy are largely foreclosed by our decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008).  The letter from Jin's brother claiming that he was forcibly sterilized in China following the birth of his children was not material to Jin's claim because it did not document the forced sterilization of a similarly situated individual, *i.e.* a Chinese national returning to China with U.S. citizen children.  *See id.* at 160-61, 170-71.  Moreover, the BIA did not inadequately consider the evidence in the record.  "[W]here the BIA has given reasoned consideration to the petition, and made adequate findings, it [need not] expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner."  *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted).

The BIA also did not err in giving greater weight to the background evidence in the record, including State Department reports, than to the individualized documentary evidence Jin submitted.  *See Jian Hui Shao*, 546 F.3d at 166,

3

171; *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Finally, Jin failed to demonstrate a reasonable possibility that any fines imposed for the birth of his children would cause him severe harm amounting to economic persecution, as he did not submit any evidence documenting his personal financial circumstances. *See Matter of T-Z-*, 24 I. & N. Dec. 163, 170-75 (B.I.A. 2007); *see also Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir. 2002); *Jian Hui Shao*, 546 F.3d at 161-62, 164 n.25.

**II.  Motion to Remand**

Although Jin labeled his motion filed with the BIA a motion to remand, we have held that a motion to remand that "does not simply articulate the remedy sought on appeal," but rather "relies on newly available evidence is held to the substantive requirements of a motion to reopen." *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005). Therefore, because Jin's motion was accompanied by new evidence supporting his claim that he would be persecuted in China on account of his membership in the

4

China Democracy Party ("CDP"), the BIA properly analyzed it under the standards applicable to a motion to reopen. *Id.*

Jin asserts that the BIA erred in finding that he failed to demonstrate that the letter from his brother indicating that Chinese police were aware of his CDP activities, as well as his certificate of graduation from the China Democracy Movement Leadership School, were unavailable at the time of his hearings before the IJ. However, the certificate of graduation was not material because it was merely cumulative of the information he submitted indicating that he had been a member of the CDP since April 2008. *See* 8 C.F.R. § 1003.2(c)(1) (a motion to reopen must be accompanied by "material" evidence). Indeed, Jin did not claim that he was being targeted due to his completion of leadership training, but rather due to his membership in the CDP and participation in CDP activities, both of which predated his August 2008 hearing before the IJ.

With respect to Jin's brother's letter, as the BIA noted in its decision, the letter "is undated and does not specify when the police allegedly questioned him about [Jin]'s political activities." The envelope Jin filed evidencing his receipt of the letter was also undated.

5

Furthermore, although Jin stated in an affidavit submitted with his motion that government officials had visited his relatives "on a few occasions," he did not specify when those visits had occurred.  Therefore, because Jin failed to demonstrate that evidence that the Chinese government was aware of his CDP activities and had threatened to arrest him should he return to China was not unavailable and undiscoverable prior to his August 2008 hearing, the BIA did not abuse its discretion in denying his motion to remand. *See* 8 C.F.R. § 1003.2(c)(1); *see also Li Yong Cao*, 421 F.3d at 156-57; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

     For the foregoing reasons, the petition for review is DENIED, and Jin's pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6